IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-4610 |
| UDL LABORATORIES, INC., MYLAN BERTEK PHARMACEUTICALS, INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN, INC. F/K/A/ MYLAN LABORATORIES, INC.; and MYLAN LABORATORIES | ) Judge Robert M. Dow, Jr. |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to transfer venue to the Western District of Oklahoma [11]. For the reasons set forth below, the Court grants Defendant's motion.

**I.    Background**

According to her complaint, Plaintiff, a resident of Kingfisher, Kingfisher County, Oklahoma, suffered from a medical condition for which her physician, also located in Oklahoma, prescribed her the drug Allopurinol. Plaintiff filled her prescription at her local Walgreens pharmacy in Oklahoma, and received a bottle of Allopurinol pills. Plaintiff alleges that she ingested the drug and consequently experienced an adverse allergic reaction that left her with serious and permanent injuries.

Plaintiff filed a product liability suit in the Circuit Court of Cook County, Illinois, against the following Defendants: Mylan Bertek Pharmaceuticals, a Texas corporation with its principal place of business in West Virginia; Mylan Pharmaceuticals, Inc., a West Virginia corporation

with its principal place of business in West Virginia; Mylan, Inc. and Mylan Laboratories, Pennsylvania corporations with their principal places of business in Pennsylvania; and UDL Laboratories, Inc. ("UDL"), an Illinois corporation with its principal place of business in Illinois. Defendants removed the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants now seek to transfer venue to the Western District of Oklahoma on the grounds that UDL is improperly joined as a defendant and that Illinois has no other nexus with this case.[1]

## II. Legal Standard Governing Motions to Transfer Venue

A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated. 28 U.S.C. § 1404(a). Transfer is thus appropriate when (1) venue is proper in the transferor court and venue and jurisdiction would be proper in the proposed transferee court, (2) the transfer would serve the convenience of the parties, (3) the transfer would serve the convenience of the witnesses, and (4) transfer would be in the interests of justice. See *Continental Cas. Co. v. Staffing Concepts, Inc.*, 2009 WL 3055374, at *2 (N.D. Ill. Sep. 18, 2009); see also *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). The Seventh Circuit teaches that the specified statutory "factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986); see also *Research Automation*, 626 F.3d at 978

---

[1] Prior to the briefing on the pending motion, the Court allowed the parties to engage in limited discovery on the matters relating to venue and choice of law [see 24].

(holding that the statutory structure of § 1441(a) "affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations").

"The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219. The moving party bears the burden of establishing that a transfer of venue is warranted based on the particular facts of the case. See *id.* at 219-20.

## III. Analysis

### A. Venue Is Proper in this Court and Would Be Proper in the Transferee Court

Venue is proper both in this Court and in the Western District of Oklahoma. Venue is proper in this Court because the case was removed to this Court from the Circuit Court of Cook County. See *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (noting that § 1441(a) "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending'" (quoting 28 U.S.C. § 1441(a))). Venue would be proper in the proposed transferee court because Plaintiff is a resident and citizen of Oklahoma and, as discussed below, Oklahoma is the situs of many of the material events in the case.

### B. Convenience of the Parties Favors Transfer

In assessing the convenience of the parties, courts should consider (1) the plaintiff's choice of forum, (2) the availability and accessibility of witnesses, (3) the location of material events, (4) the relative ease of access to sources of proof, and (5) the accessibility of resources in each forum. See *Research Automation*, 626 F.3d at 978; *In re Nat'l Presto Indust., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003).

Relevant to the assessment of each sub-factor in this case is whether Defendant URL – the sole entity that ties this case to Illinois – is properly joined as a defendant. According to the affidavit of UDL's Vice President and General Manager Jodi A. Eichelberger [see 11, Ex. A], UDL is a subsidiary of Mylan, Inc. whose sole function is to repackage and redistribute generic drugs. UDL itself "does not design, formulate, develop, create or manufacture any pharmaceutical products" such as Allopurinol. [11, Ex. A at ¶ 9.] Rather, according to Eichelberger's deposition (which Plaintiff attached to its response to the transfer motion [see 33, Ex. A]), Mylan Pharmaceuticals, Inc. ("MPI") manufactures Allopurinol and produces the attendant drug labels and warnings. MPI distributes Allopurinol in bottle form to its customers (presumably retail pharmacies) and to UDL.

When UDL receives bottles of Allopurinol from MPI, it repackages and redistributes the drug to hospitals, nursing homes, and other institutions. UDL repackages the Allopurinol that it receives from MPI in only one form: a single-unit, or "blister pack" carton, in which each individual pill is pushed through its packaging for ease of administration in an institutional setting. MPI produces and sends to UDL the drug labels for Allopurinol, and UDL includes the labels with no alteration in the repackaged blister pack cartons that it sends to institutions. UDL also adds its own labeling that identifies UDL as the repackager and that states that the blister packs are "For Institutional Use Only."

Eichelerger acknowledged that it was possible that some of the institutions to which UDL sends the Allopurinol blister packs may redistribute the blister packs to retail pharmacies despite the warning on the label. It therefore is not inconceivable that the Walgreens at which Plaintiff purchased her Allopurinol received drugs that at some point had passed through UDL's Illinois facility. However, Plaintiff admitted in response to Defendants' interrogatories that she received

4

Allopurinol from Walgreen's in the form of a pill bottle and submitted a photocopy of the pill bottle that she had obtained. [See 36, Ex. B.] Because UDL only repackages Allopurinol in blister pack form, UDL is highly unlikely to have been the source of the bottle of pills that Plaintiff obtained from her pharmacy.

### 1. Plaintiff's Choice of Forum

In general, courts should give significant weight to the fact that the plaintiff chose the transferor forum. See *Nat'l Presto Indust., Inc.*, 347 F.3d at 664 (cautioning that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). However, there are limitations on that general principle that may come into play depending on the particular circumstances of a case. To begin with, the plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by plaintiff" (*Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)) or "where another forum bears a stronger relationship to the dispute" (*Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*, 2005 WL 396304, at *5 (N.D. Ill. Feb. 16, 2005)). Moreover, other courts in this circuit have ruled that if a plaintiff is not a resident of the transferor forum and other factors weigh in favor of transfer, then the weight accorded to this factor is reduced. See *Presnell v. Cottrell, Inc.*, 2010 WL 1710832, at *3 (S.D. Ill. Apr. 28, 2010) (holding that "the importance of the plaintiff's choice of forum is reduced when the plaintiff does not live in the forum, few relevant events occurred in the forum and other factors weigh heavily in favor of a transfer"); *McKendree v. Ill. Cent. R.R. Co.*, 2010 WL 119266, at *3 (S.D. Ill. Jan. 11, 2010) (same); *McDowell v. Ill. Cent. R.R. Co.*, 2008 WL 5111118, at *2 (S.D. Ill. Dec. 4, 2008) (same). Finally, some courts have noted that a case that has been removed from state to federal court is no longer in plaintiff's chosen forum, and therefore does not require as much emphasis on this

factor. See *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752-53 (7th Cir. 2008) (observing that "[r]ules governing * * * removal (the defendant's removed the plaintiff's suit, originally filed in an Illinois state court, to the federal district court in Chicago) limit a plaintiff's choice of forum"); *Deist v. Washington Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005) (observing that the court was not plaintiff's chosen forum because plaintiffs filed suit in state court, and the case was later removed to federal court).

The Court acknowledges that a plaintiff's choice of forum is entitled to "significant weight" in most circumstances. See *Nat'l Presto Indust., Inc.*, 347 F.3d at 664. In view of that consideration, Plaintiff's Oklahoma residence and her filing of the case in a different forum (Illinois state court) by themselves may well not be enough to upset Plaintiff's choice of forum. However, the Court finds Defendants' argument regarding Plaintiff's naming of UDL as a Defendant to be persuasive. Taking Plaintiff's allegations and Defendants' affidavit together, UDL almost certainly was not part of the chain of distribution of the particular Allopurinol that Plaintiff ingested. Given that UDL is the only party that links this case to this forum, the Court concludes that the importance of Plaintiff's choice of Illinois as a forum is diminished significantly.

### 2. Availability and Accessibility of Witnesses

The key potential witnesses in this case – including Plaintiff's prescribing physician, pharmacist, and the health care providers who treated Plaintiff for her adverse reaction to Allopurinol, as well as Defendant witnesses – reside in Oklahoma, West Virginia, and Pennsylvania. Defendants argue that it would be more convenient to Defendants if the case were transferred because the Oklahoma witnesses who they will seek to depose or call at trial are beyond the subpoena power of this Court.

The availability of compulsory process to compel attendance of witnesses who are unwilling to appear affects the convenience of the parties and is a factor to be considered in the transfer analysis. See *Igoe*, 220 F.2d at 304. Plaintiff relies upon *United States v. Binder*, 794 F.2d 1195 (7th Cir. 1986), in support of the proposition that a defendant's inability to subpoena witnesses is not so great an inconvenience as to counterbalance the plaintiff's choice of forum. However, *Binder* is inapposite for at least two reasons. First, *Binder* was a criminal action, and therefore its transfer-of-venue analysis was governed by Federal Rule of Criminal Procedure 21(b) rather than 28 U.S.C. § 1404(a) (which only governs civil actions). See *Binder*, 794 F.2d at 1196. Second, even if *Binder* were applicable to the instant civil action, it is factually distinct. Numerous witnesses in *Binder* resided in the transferor court and numerous witnesses resided in the proposed transferee court, such that upon review the Seventh Circuit "[could not] say that the location of the proposed witnesses significantly favored conducting the trial in [the proposed transferee court]." *Id.* at 1200. Here, by contrast, *no* potential witnesses appear to reside in Illinois (given UDL's apparent lack of involvement in the case), whereas numerous witnesses reside in Oklahoma.

Plaintiff also relies on *Magedson v. Whitney Information Network, Inc.*, 2009 WL 113477, at \*\*4-6 (D. Ariz. Jan. 16, 2009), to counter Defendants' argument regarding compulsory process. *Magesdon* is not binding on this Court. However, even if it were, if anything, that case cuts the other way. The plaintiff in *Magedson*, a citizen of Arizona, filed suit against defendant, a resident of Florida, in Arizona state court; defendant removed the case to federal court in Arizona. See *Magedson*, 2009 WL 113477, at \*\*1, 4. The defendant sought to transfer the case in part because all of the defendant's witnesses resided in the proposed transferee district in Florida, beyond the subpoena power of the Arizona district court. *Id.*, at \*5.

Most of the defendant's witnesses were employed by the defendant, but one was a former employee. *Id.* Finding that the defendant-employer might be able to compel its employees to travel to the transferor court but had only limited (if any) control over the former employee, the court held that "the availability of compulsory process and the availability of live witness at trial weigh slightly in favor of transfer." *Id.* (Upon reviewing the other relevant factors, however, the court concluded that the balance tipped in favor of plaintiff's choice of forum (*id.* at *6)). Here, where Plaintiff's choice of forum is weakened significantly by Illinois's lack of nexus to the case, the Court concludes that the availability of compulsory process weighs in favor of transfer.

Finally, Plaintiff contends that because the witnesses are scattered across several states, Oklahoma is not necessarily more convenient than Illinois. In cases where both the transferor and transferee courts are equivalently inconvenient, the plaintiff's choice of forum should control. See *Nat'l Presto Industs., Inc.*, 347 F.3d at 665; *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F. Supp. 1279, 1286 (N.D. Ill. 1980). However, in this case, the transferee court – where at least some key witnesses reside – is clearly more convenient than Illinois, where no party that could have been involved in this dispute has a presence. The Court therefore finds that the accessibility of witnesses favors transfer.

### 3. Location of Material Events, Accessibility of Sources of Proof, and Access to Resources

The Western District of Oklahoma is where Plaintiff was prescribed the Allopurinol, filled that prescription, ingested the drug, experienced the adverse consequences, and sought and received treatment for those consequences. Plaintiff states that other events that she alleges are material to the case took place in West Virginia and/or Pennsylvania, where the Allopurinol and attendant drug labels were manufactured and produced. The locations of material events and sources of proof in this case are thus likely to be Oklahoma, West Virginia, and/or Pennsylvania.

Illinois is unlikely to be a situs of material events or contain any sources of proof because Illinois almost certainly was never a point of transit for the drugs that Plaintiff consumed. The location-of-material-events and accessibility-of-sources-of-proof sub-factors therefore weigh in favor of transfer. Neither party contests that access to resources would be any more favorable in Oklahoma than Illinois.

In sum, Plaintiff contends that, where both forums are *equally inconvenient* to Defendants, Plaintiff's choice of forum should control the result of the transfer analysis. The Court agrees. See *Nat'l Presto Industs., Inc.*, 347 F.3d at 665 (holding that "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff"). Thus, had Plaintiff originally filed this suit in West Virginia, or Pennsylvania, or even Texas, where the Mylan entities have some presence, the Court might reasonably find that the transferor and transferee venues are similarly inconvenient and Plaintiff's choice of forum would control. However, Plaintiff's choice is weakened considerably, if not voided altogether, by the fact that UDL does not distribute the type of Allopurinol bottle that Plaintiff received from her pharmacy, and, absent that nexus, Illinois is considerably more inconvenient to both parties than is Oklahoma. The Court therefore concludes that Plaintiff's choice of forum is outweighed significantly by other subfactors affecting convenience of the parties.

### C. Convenience of Witnesses Favors Transfer

Courts assessing the second factor – convenience of the witnesses – generally consider the availability and accessibility of witnesses. See *Research Automation*, 626 F.3d at 978. "The party seeking transfer must specify the key witnesses to be called and make a generalized statement of their testimony." *Id.* (citing *Federated Dep't Stores, Inc. v. U.S. Bank Nat'l Assoc.*, 2001 WL 503039, at *4 (N.D. Ill. May 11, 2001)); see also *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003) (holding that a defendant must show that the testimony of the particular witnesses is necessary to its case). Courts should weigh not just the raw number of witnesses but also "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). Many courts state that, all other things being equal, the convenience of non-party witnesses is accorded greater weight than the convenience of party witnesses, the latter of whom *must* participate (or rather, whose non-participation brings more easily administered consequences). See, *e.g.*, *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006).

Here, Defendants state that prospective non-party witnesses include the prescribing physician (who is located in Oklahoma) and the health care providers who treated Plaintiff after she ingested the Allopurinol (who are also located in Oklahoma). Defendants also contend that they will be required to obtain records from the Oklahoma pharmacy at which Plaintiff filled her prescription and/or take depositions and/or trial testimony of employees of the pharmacy. Defendants argue that these witnesses are critical to their defense, as they intend to argue that the warnings on the Allopurinol were adequate and that Plaintiff's health care providers should have communicated the risks to Plaintiff.

Plaintiff submits that witnesses who are employees or agents of Defendants will be scattered over several jurisdictions, and that no one venue would be more convenient than another. However, as noted above, the Court must place more emphasis on convenience to non-party witnesses than to party witnesses. See *First Nat'l Bank*, 447 F. Supp. 2d at 913. Plaintiff does not contest that witnesses in jurisdictions other than Oklahoma are employees or agents of Defendants or that non-party witnesses such as the prescribing physician and pharmacists are located in Oklahoma. Given that the majority of non-party witnesses reside in Oklahoma, the Court finds that denying transfer would inconvenience witnesses. This factor thus weighs in favor of granting transfer.

### D. Interest of Justice Is Neutral

The fourth factor – the interest of justice – concerns "the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. Courts should consider docket congestion, likely speed to trial in each court, each court's familiarity with the relevant law, the desirability of resolving disputes in each court, and the relationship to the dispute of the communities in which the respective courts sit. *Id.* This factor may be dispositive in granting or denying transfer of venue "even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Defendants rely on the Judicial Caseload Profile to show (1) that the median time from filing to trial for civil cases in this district is 27.8 months, whereas in the Western District of Oklahoma it is 20.4 months, and (2) that 11.7 percent of civil cases in this district are more than three years old, compared with 4.0 percent of cases in the Western District of Oklahoma. Defendants thus predict that this case is likely to proceed more quickly in the Western District of

11

Oklahoma. Plaintiff counters that the time from filing to general disposition of cases is slightly faster in Illinois (just over six months) than in Oklahoma (eight months).

Defendants also argue that the Western District of Oklahoma has a closer relationship to Plaintiff's community than does this district and likely is more desirous of resolving the dispute affecting that community than is this district, given that Plaintiff's injury took place in Oklahoma and that Illinois has no nexus with this dispute. Especially in light of UDL's lack of involvement in the case, the Court agrees that the Western District of Oklahoma bears a stronger relationship to the dispute.

Finally, Defendants contend that under a choice-of-law analysis, Oklahoma law will most likely control because it was the site of Plaintiff's injury. Defendants suggest that a federal court in Oklahoma is better suited than a federal court in Illinois to apply Oklahoma state law. Plaintiff counters that the court will not necessarily need to apply a choice-of-law analysis and that, even if it did, the site of injury would not necessarily determine the outcome of that analysis.

On balance, the Court finds that the interest-of-justice factor weighs neither for nor against transfer, but is neutral.

## V. Conclusion

For the reasons stated above, the Court concludes that under the Section 1404(a) factors, this case should be transferred to the United States District Court for the Western District of Oklahoma. The Court therefore grants Defendants' motion to transfer [11].

Dated: February 24, 2011

                                              Robert M. Dow, Jr.
                                              United States District Judge